IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Southern Division
Case No.: 7:17-cv-210

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> for the Use and Benefit of ) <br> YATES ELECTRICAL SERVICE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GROUP III MGT., INC., DRAGADOS USA, INC., ) <br> HARTFORD FIRE INSURANCE COMPANY, ) <br> LIBERTY MUTUAL INSURANCE COMPANY, ) <br> ZURICH AMERICAN INSURANCE COMPANY, ) <br> and THE INSURANCE COMPANY OF THE ) <br> STATE OF PENNSYLVANIA, ) <br> ) <br> Defendants. ) | **ORDER GRANTING JOINT MOTION TO STAY AND ALLOWING THE WITHDRAWAL OF THE MOTION TO STAY AND COMPEL ARBITRATION** |

THIS MATTER came on to be heard and being heard by the consent of the parties before the undersigned United States District Judge, United States District Court for the Eastern District of North Carolina (Southern Division) on the Joint Motion to Stay and to Withdraw Group III Mgt., Inc.'s and Hartford Fire Ins. Co.'s Motion to Stay and Compel Arbitration [Dkt. No. 26] filed by Plaintiff J.T. Yates Electrical Service, Inc. ("Plaintiff") as well as Defendants Group III Mgt., Inc. ("Group III"), Dragados USA, Inc. ("Dragados"), Hartford Fire Insurance Company ("Hartford"), and Liberty Mutual Insurance Company, Zurich American Insurance Company, and The Insurance Company of the State of Pennsylvania (collectively, the "Dragados Sureties"), and the Court finds as follows:

# 6541381_1.Docx

1. This case involves the construction of P1383 and P1384 Base Entry Point and Road, Phase II and III, Marine Corps Base, Camp Lejeune, North Carolina (the "Project").

2. Defendant Dragados was the prime contractor on the Project, Defendant Group III was a first-tier subcontractor on the Project, and Plaintiff Yates was a second-tier subcontractor on the Project.

3. Liberty Mutual Insurance Company, Zurich American Insurance Company, and The Insurance Company of the State of Pennsylvania were Dragados' sureties on the Project.

4. The Dragados Sureties, as sureties, issued Payment Bonds for the Project (the "Dragados Bonds"), on which Dragados is listed as principal.

5. Dragados and Group III executed a written subcontract agreement dated May 14, 2013 (the "First-Tier Subcontract") pursuant to which Group III was to furnish certain labor, equipment, and material on the Project.

6. Group III and Hartford entered into a Subcontractor Payment Bond (the "Group III Bond") on which Group III is listed as principal.

7. Group III and Yates entered into a written subcontract agreement dated July 29, 2013 (the "Second-Tier Subcontract") pursuant to which Yates was to furnish certain labor, equipment, and material on the Project.

8. During and after completion of the Work, disputes have arisen between Dragados, Group III, and Yates relating to the Project, including allegations of additional and/or changed work performed by Group III and/or Yates, Project delays,

additional amounts due, and payment under the First-Tier Subcontract and the Second-Tier Subcontract.

9. Yates filed the immediate action against Dragados, the Dragados Sureties, Group III, and Hartford setting forth various claims and causes of action.

10. Within the Lawsuit, Dragados asserted a crossclaim against Group III as well as a claim against Hartford.

11. Group III and Hartford previously filed a Motion to Stay and Compel Arbitration [Dkt. No. 26], which they now move to withdraw; and

12. Dragados, Group III, and Yates—but not Hartford and the Dragados Sureties—now consent to the resolution of their disputes by arbitration in accordance with the arbitration provision set forth in the First-Tier Subcontract and Second-Tier Subcontract as modified and clarified by an arbitration agreement executed between Dragados, Group III, and Yates, and to have the Lawsuit stayed pending said arbitration.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1. Dragados, Group III, and Yates—but not Hartford and the Dragados Sureties—shall submit all claims between them in this action to arbitration;

2. This action is hereby stayed in its entirety, including all claims against the Dragados Sureties and Hartford, pending the completion of the arbitration;

3. Promptly after the time to modify the award expires under any applicable rules and the applicable law, and in any event within 60 days of award, the Parties shall report the result of the arbitration to the Court;

4. Group III and Hartford's Motion to Stay and Compel Arbitration [Dkt. No. 26] is now moot and withdrawn; and

5. This Court retains jurisdiction over this matter pending the arbitration award to address confirmation of the award.

6. Joint report shall be made concerning the status of the parties' arbitration activities 8 months from this date, if no report earlier is made in accordance with this order.

SO ORDERED, this the 9th day of February, 2018.

_____
Louise Wood Flanagan
United States District Court Judge